UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN CHRISTOPHER MICHEAL TRIPP,<br><br>　　　　　　Petitioner,<br><br>　vs.<br><br>SOUTH DAKOTA,<br><br>　　　　　　Respondent. | 4:20-CV-04096-KES<br><br><br>ORDER DISMISSING PETITIONER'S PETITION FOR WRIT OF MANDAMUS |

　　Petitioner, Kevin Christopher Micheal Tripp, filed a petition for writ of mandamus. Docket 1. Tripp moves for leave to proceed without prepayment of fees. Dockets 4, 5. He also moves for the appointment of counsel. Docket 7.

**I.　Motions for Leave to Proceed Without Prepayment of Fees**

　　The filing of a writ of mandamus by a prisoner raises the question of whether the writ of mandamus should be considered a "civil action" under the Prison Litigation Reform Act (PLRA). In *In re Tyler*, the Eighth Circuit held that when a prisoner files a writ of mandamus, the court must decide whether the underlying proceeding is from a civil action (a § 1983 lawsuit) or from a writ of habeas corpus. *See* 110 F.3d 528, 529 (8th Cir. 1997) ("We leave for another day, however, the issue of whether the PLRA applies to mandamus petition when the underlying litigation is a civil habeas corpus proceeding."). The filing fees of the PLRA do not apply to a petition for writ of habeas corpus. *See Malave v. Hedrick*, 271 F.3d 1139, 1139 (8th Cir. 2001).

　　Other than labeling his document as a petition for writ of mandamus, Tripp does not allege a specific jurisdictional statute. *See* Docket 1. The facts

alleged in Tripp's petition are about his underlying convictions in South Dakota. On June 25, 2020, the same day he filed his petition for writ of mandamus, Tripp also filed a petition for writ of habeas corpus. *See Tripp v. Dooley et al.*, 4:20-CV-04095-LLP. This court finds that the PLRA filing fees do not apply to Tripp's writ of mandamus because the facts alleged and filing date point to the underlying litigation as his habeas corpus proceeding.

Tripp's prisoner trust account reports an average monthly deposit of $21.25 and an average monthly balance of $2.06. Docket 6. Because this writ of mandamus is connected to Tripp's underlying petition for writ of habeas corpus, the filing fee is $5.00. Tripp has sufficient funds to pay the $5.00 filing fee and his motions for leave to proceed without prepayment of fees (Dockets 4, 5) are denied.

## II.   Writ of Mandamus

Tripp's petition for writ of mandamus asserts that his incarceration is unlawful because: (1) the evidence used to convict him was insufficient; (2) there was evidence withheld from the police; (3) his counsel was ineffective; (4) he did not understand his Miranda Rights; and (5) his disabilities were not considered during his criminal trials. *See* Docket 1.

A writ of mandamus is an extraordinary remedy and appropriate in situations where (1) the petitioner has an "indisputable right to the relief sought, (2) the [respondent] has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006). Tripp asks for his immediate release from

prison and that all charges against him be dismissed with prejudice. Docket 1 at 3. Tripp's alleged facts are insufficient to show that respondent has a "nondiscretionary duty to honor" his alleged right to be released from incarceration. *Id.* Because Tripp has a pending petition for writ of habeas corpus under 28 U.S.C. § 2254, he has an avenue for remedy for his alleged unlawful incarceration. "[W]hether a writ of mandamus should issue is largely a matter within the district court's discretion." *Castillo*, 445 F.3d at 1061 (citing *In re MidAmerican Energy Co.*, 286 F.3d 483, 486 (8th Cir. 2002)). Tripp has not shown that he has an indisputable right to his immediate release from custody and he has another avenue for remedy through his petition under § 2254. For these reasons, this court denies Tripp the extraordinary remedy of a writ of mandamus. Tripp's petition for writ of mandamus is dismissed.

Thus, it is ORDERED:

1. That Tripp's motions for leave to proceed without prepayment of fees (Dockets 4, 5) are denied. Tripp must pay $5.00 to the Clerk of Courts.
2. That Tripp's petition of writ of mandamus (Docket 1) is dismissed.
3. That Tripp's motion for appointment of counsel (Docket 7) is denied as moot.

Dated September 22, 2020.

                                             BY THE COURT:

                                             /s/ *Karen E. Schreier*
                                             KAREN E. SCHREIER
                                             UNITED STATES DISTRICT JUDGE